# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3076

_____

United States of America,

    Appellee,

  v.

Nicole Josette Romosz,

    Appellant.

           *
           *
           *
           *
           *   Appeal from the United States
           *   District Court for the
           *   District of Minnesota.
           *
           *   [UNPUBLISHED]
           *

_____

Submitted: May 3, 2010
Filed: May 7, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


  Nicole Romosz directly appeals after she was sentenced in the district court[1] upon her unconditional guilty plea to sexual contact with a ward. After considering the statutory sentencing factors as applied to Romosz's particular circumstances-- including her family responsibilities and history of depression, the likelihood she would lose her nursing license, and the "significant punishment" of having to register as a sex offender--the court sentenced Romosz to three years of probation and 60

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

hours of community service. Counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Romosz should not have been convicted, or should have been allowed to plead guilty to a lesser offense that did not require registration as a sex offender.

We hold that counsel's arguments, which are nonjurisdictional and essentially challenge the prosecution of the case, are foreclosed by Romosz's unconditional guilty plea. <u>See</u> <u>United States v. Jennings</u>, 12 F.3d 836, 839 (8th Cir. 1994) (unconditional guilty plea waived all nonjurisdictional challenges to prosecution of case). We further hold that the district court did not commit any procedural error or abuse its discretion by imposing an unreasonable sentence. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007) (assuming sentencing decision is procedurally sound, appellate court considers substantive reasonableness of sentence under abuse-of-discretion standard); <u>United States v. Stults</u>, 575 F.3d 834, 849 (8th Cir. 2009) (sentence was not unreasonable where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors), <u>cert. denied</u>, 130 S. Ct. 1309 (2010); <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (holding that reviewing court first ensures that district court committed no significant procedural error, then considers substantive reasonableness of sentence; describing factors demonstrating procedural error).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____